

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL McCARTHY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-760-M |
| | § | |
| PRIMEDIA WORKPLACE LEARNING, | § | |
| L.P., and PRIMEDIA, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment, filed on June 21, 2005. For the following reasons, the Court **GRANTS** Defendants' Motion.

### Background

Plaintiff Paul McCarthy is a former employee of Defendant Primedia Workplace Learning, L.P., a subsidiary of Defendant Primedia, Inc. (collectively "Primedia"). Primedia terminated McCarthy from his position as Vice President of its Commercial Markets group in February 2003. McCarthy claims he was terminated in retaliation for reporting an incident of sexual harassment.

McCarthy held at least five different positions with Primedia between his hire in November 1999 and his termination in February 2003. In the fall of 2002, McCarthy was employed as Director of Primedia's Automotive Satellite Television Network and Professional Security Television Network ("ASTN/PSTN") divisions. While employed in that capacity, McCarthy claims he witnessed sexual harassment by Dan Boucher of a subordinate employee. At the time, Boucher was

1

Primedia's newly-hired Vice President of Sales, and McCarthy's superior. On November 11, 2002, in an anonymous email, McCarthy reported the harassment, and described an incident when Boucher allegedly visited work drunk, after hours, and became violently ill. McCarthy sent the email to the President of Primedia Workplace Learning, L.P., Josh Klarin, and to an executive with the corporate office of Primedia, Inc. Several days later, Primedia terminated Boucher.

In December 2002, Klarin promoted McCarthy to Vice President of the Commercial Markets Group, a position which oversaw Primedia's ASTN/PSTN divisions. The promotion took effect in January 2003, and included a 20% pay raise. On approximately the same date as McCarthy's promotion, Dave Ellett became Primedia's new Chief Operating Officer. Ellett immediately expressed his dissatisfaction with the business plan McCarthy was implementing for the ASTN division. The executives were aware that the division's largest contract, with General Motors, was expiring within a year. They knew the contract was unlikely to be renewed, which would likely result in a substantial decrease in revenues for McCarthy's group. Ellett disapproved of McCarthy's efforts to move the ASTN division to an advertiser-supported business model, and he instructed McCarthy to look for new types of relationships to replace the GM contract. McCarthy traveled to an automobile industry convention in early February 2003, with hopes of obtaining new relationships.

When he returned, McCarthy claims he "noticed a sudden and marked change in Klarin's demeanor" towards him. He claims Klarin became "distant, cold and abrupt" with him. On February 18, 2003, McCarthy was asked to meet with Ellett and James Taylor, Primedia's Vice President of Human Resources. At the meeting, Ellett advised McCarthy that he was being terminated. Ellett explained that Primedia was likely to shut down McCarthy's group, and wanted

to move the company in a different direction. McCarthy suspected he was being terminated in retaliation for reporting Boucher's alleged sexual harassment of a subordinate employee. After Ellett left the meeting, McCarthy advised Taylor that he had written the anonymous email. According to McCarthy, Taylor responded, "we figured that out." McCarthy says Taylor "immediately caught himself," and stated that the company's restructuring, rather than the complaint of sexual harassment, was the reason for his termination.

McCarthy asserted a single claim against Primedia for retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Primedia moved for summary judgment on June 21, 2005.

## Analysis

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The burden is on the moving party to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 302 (5th Cir. 1990). The record is considered in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Harrison v. Byrd*, 765 F.2d 501, 504 (5th Cir. 1985). However, bare allegations in briefs and pleadings are insufficient to withstand summary judgment. *Alizadeh v. Safety Stores, Inc.*, 802 F.2d 111, 113 (5th Cir. 1986).

If the moving party meets its initial burden, then the burden shifts to the non-moving party, who must produce evidence establishing a genuine issue of material fact for trial. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 321-22 (1986). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he bears the burden of proof at trial, summary judgment is mandatory. *Id.* at 322-24.

McCarthy's retaliation claim is based on circumstantial, rather than direct, evidence of retaliation. Accordingly, McCarthy must first establish a *prima facie* case of retaliation by showing: (1) he engaged in activity protected by Title VII; (2) an adverse employment action occurred; and (3) there was a causal connection between his participation in the protected activity and the adverse employment action. *Pineda v. United Parcel Service, Inc.*, 360 F.3d 483, 487 (5th Cir. 2004). If McCarthy meets this burden, the burden shifts to Defendants to produce a legitimate, non-retaliatory explanation for his termination. If Defendants do so, to survive summary judgment, McCarthy must rebut Defendants' non-retaliatory reason. *See Baker v. American Airlines, Inc.*, No. 04-11486, 2005 U.S. App. LEXIS 24328, at *10 (5th Cir. Nov. 9, 2005).

### 1. Prima Facie Case

For the purposes of summary judgment, McCarthy proves the first two elements, protected activity and adverse employment action. Its principal argument in support of the third element of his *prima facie* case is that Klarin caused Primedia to terminate him in retaliation for McCarthy's sending the anonymous email. He produces evidence that: (1) Klarin had input into Primedia's decision to terminate him, beginning at the "idea stage"; (2) Klarin confessed to McCarthy that he had been orally reprimanded by an executive of Primedia, Inc. for failing to promptly investigate an unrelated and consensual sexual relationship between a Primedia Human Resources executive and a subordinate employee, and was worried about "negative fallout" from the Boucher incident; (3)

Klarin's demeanor toward McCarthy changed suddenly in February 2003; and (4) on February 18, 2003, after McCarthy was advised he had been terminated, Taylor confessed that "we" figured out McCarthy had drafted the anonymous email. McCarthy asks the Court to infer that Klarin learned in early February of 2003 that McCarthy had drafted the anonymous email, and promptly decided to terminate him.

Viewing the evidence in the light most favorable to McCarthy, the Court finds he has proved a *prima facie* case of retaliation. There is no disputing that McCarthy's anonymous email of November 11, 2002, constitutes protected activity, and that his termination was an adverse employment action. The Court finds that McCarthy's promotion in January 2003, combined with Taylor's statement on February 18, 2003, that "we" figured out McCarthy sent the anonymous email, and the close proximity between the protected activity and McCarthy's termination, is sufficient to establish the causation element of the *prima facie* case of retaliation. *See Fierros v. Tex. Dept. of Health*, 274 F.3d 187, 191 (5th Cir. 2001) (circumstantial evidence is sufficient to satisfy the low threshold of proof required in a plaintiff's *prima facie* case of retaliation); *Evans v. City of Houston*, 246 F.3d 344, 353-54 (5th Cir. 2001) (recognizing that a time lapse of up to four months has been found sufficient to satisfy the causation element of a plaintiff's *prima facie* case).

### 2. Legitimate, Non-Retaliatory Reason

In response, Primedia alleges that the anonymous email had no bearing on McCarthy's termination, and that McCarthy was terminated as part of a "massive restructuring" of the company. Defendants claim Ellett, who had no input into the decision to promote McCarthy in January of 2001, made the initial recommendation that Primedia terminate McCarthy. Ellett allegedly feared

that the looming loss of the GM contract would cost McCarthy's department up to 80% of its revenue, and he had decided McCarthy had not produced "a plan that was consistent with the strategic direction [Primedia] wanted to go." Defendants claim that in January 2003 and February 2003, Ellett discussed McCarthy's termination, along with numerous other potential terminations, with Klarin and Taylor. Ellett proposed assimilating McCarthy's two units into other divisions of the company. The three executives briefly discussed other possible roles for McCarthy within the company, but could not find a position for him. Taylor and Klarin eventually agreed with Ellett that McCarthy should be terminated. The Court concludes that this explanation satisfies Defendants' burden of producing a legitimate, non-retaliatory explanation for McCarthy's termination. *See Shirley*, 970 F.2d at 42.

3. Rebuttal

Once an employer satisfies its burden of producing a legitimate, non-retaliatory reason for its termination of the plaintiff, the inference of discrimination introduced by the *prima facie* case disappears, and the plaintiff may defeat summary judgment by producing evidence that the employer's non-retaliatory reason is false. *See Baker*, 2005 U.S. App. LEXIS 24328, at *10. McCarthy has not produced sufficient evidence to meet this burden. The Court assumes Taylor's alleged statement, that "we" knew McCarthy sent the anonymous email, is evidence that Taylor, Ellett, and Klarin all knew that McCarthy had complained of Boucher's sexual harassment. This knowledge, alone, does not prove that Plaintiff's non-retaliatory reason is false. Additionally, the temporal proximity between his report of sexual harassment and his termination, which, while sufficient to make out a *prima facie* case of retaliation, is insufficient to demonstrate pretext. *See*

*Armstrong v. City of Dallas*, 997 F.2d 62, 67 (5th Cir. 1993).

In his brief, Plaintiff attempts to show pretext by referencing his Employee Termination Notice. The Notice shows that Plaintiff is not eligible for rehire. Plaintiff asserts that if he was laid off, he should be eligible for rehire, citing Taylor's deposition. A careful review of Taylor's deposition, however, shows no evidence that laid-off employees are generally considered eligible for rehire. Absent such evidence, Plaintiff's use of the Employee Termination Notice does not show that Defendants' non-retaliatory reason is false.

McCarthy seeks to satisfy his burden inferentially, by urging that inconsistencies between his version of events and Primedia's explanation for his termination show that Primedia's explanation is false. *See Reeves*, 530 U.S. at 147 ("a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false", may permit the trier of fact to infer the that the termination was motivated by retaliation). To that end, McCarthy argues Defendants mischaracterize: (1) the Boucher sexual harassment incident, and Taylor's role in investigating the incident; (2) the magnitude of Klarin's input into the decision to terminate McCarthy; and (3) the significance of McCarthy's January 2003 promotion, and the quality of his performance in the months leading up to his termination. In short, McCarthy claims Defendants' explanation for his termination is inconsistent with his recent promotion, the senior executives' compliments of his performance, and Primedia's executives' alleged history of hostility toward persons who report sexual harassment. He asks the Court to infer from his evidence that Primedia's stated reason is a pretext for retaliation.

The Court finds that none of McCarthy's evidence indicates that Defendants' explanation for his termination is false. Assuming both Klarin and Taylor had knowledge McCarthy wrote the

anonymous email, and participated in the decision to terminate him, McCarthy has not produced any evidence disputing Defendants' contention that Ellett initiated the decision to restructure McCarthy's unit, and terminate McCarthy. McCarthy has not produced evidence to dispute Defendants' assertion that Ellett's recommendation to terminate him was motivated exclusively by legitimate business concerns.[1] Consequently, McCarthy has not satisfied his burden of producing evidence of pretext. *See Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) ("This Court has cautioned that conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment.").[2]

---

[1] McCarthy attempts to dispute Ellett's assertion that he was terminated as part of a "massive restructuring" of Primedia, by asserting that only twenty employees were terminated during the operative time period, that he was the only executive level employee, and that all but one of the other terminated employees were in sales. Irrespective of whether the term "massive" is an appropriate characterization of the evidence, McCarthy's evidence does not support his assertions. At least one other Executive Vice President was terminated during the operative time period, and none of the summary judgment evidence shows Ellett's purported reasons for firing McCarthy were disingenuous.

[2] Many district courts in the Fifth Circuit have applied *Rachid*'s "modified *McDonnell Douglas* approach" to retaliation claims. *See, e.g., Warren v. Terex Corp.*, 328 F. Supp. 2d 641, 646 (N.D. Miss. 2004); *Brooks v. State Farm Mut. Auto. Ins. Co.*, 3:03-CV-3018-B, 2004 U.S. Dist. LEXIS 23959, *18-21 (N.D. Tex. Nov. 30, 2004); *Cones v. Duke Energy Corp.*, 367 F. Supp. 2d 1092, 1100 (S.D. Tex. 2005); *Knighten v. State Fair*, No. 03-1930, 2005 WL 1629933, at *4 (W.D. La. July 1, 2005); *Bell v. Bank of Am.*, 3:03-CV-2650-B, 2005 U.S. Dist. LEXIS 11649, at *23-24 (N.D. Tex. June 14, 2005). Under this regime, to defeat summary judgment, McCarthy could use circumstantial evidence to prove that Defendants' non-retaliatory reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is retaliation for Plaintiff's protected conduct.

Whether or not the modified *McDonnell Douglas* approach applies to claims of retaliation, Plaintiff has not produced sufficient evidence to create a fact issue as to whether retaliation for McCarthy's having engaged in protected conduct was a "motivating factor" in Primedia's decision to terminate. McCarthy has not produced evidence that Klarin and Taylor's decisions to accept Ellett's recommendation were motivated whatsoever by retaliatory animus, as opposed to their genuine agreement with Ellett's business judgment. The Court assumes Taylor's alleged statement, that "we" knew McCarthy sent the anonymous email, is evidence Taylor, Ellett and Klarin all knew McCarthy had complained of Boucher's sexual harassment. However, Taylor's statement is not evidence of retaliation because it does not indicate any of the parties exhibited retaliatory animus toward the author of the email. *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002). Likewise, Plaintiff's assertion that Klarin had been previously reprimanded for his handling of an unrelated, consensual workplace relationship does not show Klarin possessed retaliatory animus.

McCarthy also attempts to show that Taylor possessed retaliatory animus by producing evidence that the victim of Boucher's sexual harassment was terminated soon after McCarthy's anonymous email. However, the victim was a temporary employee, and McCarthy offers no evidence to support his speculation that Primedia's decision to terminate the victim was related to the sexual harassment incident. Similarly, McCarthy claims that Primedia's termination paperwork, which designated McCarthy as ineligible for rehire, is evidence of the executives'

8

## Conclusion

Because McCarthy failed to proffer sufficient evidence to rebut Primedia's legitimate, non-retaliatory reason for its conduct, the Court **GRANTS** Defendants' Motion for Summary Judgment.

**SO ORDERED.**

December 6, 2005.

                                                      BARBARA M.G. LYNN
                                                     UNITED STATES DISTRICT JUDGE
                                                     NORTHERN DISTRICT OF TEXAS

---

retaliatory animus. However, the undisputed evidence indicates that his termination paperwork was completed by Primedia's payroll assistant. McCarthy produces no evidence addressing the significance of his designation as ineligible for rehire, or that the designation was made at the request of Klarin or Taylor. McCarthy has not produced competent evidence to create a genuine issue of material fact as to whether retaliation for protected conduct partially motivated Defendants' conduct.

# CASE CLOSED

**CASE NUMBER:** 3:04-CV-760-M

**DATE:** 12/6/05

**TRIAL: YES** \_\_\_\_\_  **NO** X